## IRVINE v. SHRUM.

(*Knoxville.* September 23, 1896.)

1. STATUTE OF LIMITATIONS. *Foreclosure of mortgage securing barred notes.*

A foreclosure sale under a mortgage or deed of trust is not barred by the running of the statute of limitations against the notes secured so as to bar the recovery of a personal judgment thereon. (*Post, pp. 260, 261.*)

Cases cited and approved: Fisher v. Fisher, 9 Bax., 71; Lincoln v. Purcell, 2 Head, 143; Gudger v. Barnes, 4 Heis., 570; White v. Blakemore, 8 Lea, 62; Smith v. Goodlett, 92 Tenn., 230; Harris v. Vaughn, 2 Tenn. Chy., 483.

2. HOMESTEAD. *Right of, extinguished.*

The owner of land subject to homestead, extinguishes the homestead right therein by purchasing notes given for the purchase price of the land and having priority over the homestead right, and by thereafter purchasing the land at foreclosure sale made under deed of trust given to secure said notes. There is no such merger of the legal and equitable estates, in such case, as extinguishes the debt and lien for purchase money and revives homestead. (*Post, pp. 261, 262.*)

Cases cited: 72 Am. Dec., 629; 111 U. S., 744.

3. MORTGAGES AND DEEDS OF TRUST. *Foreclosure of deed of trust.*

The sale under a deed of trust should be made by the trustee therein named, without asking the aid or incurring the cost of a Court proceeding for that purpose, in the absence of complications requiring the direction of a Court. *(Post, p. 263.)*

Case cited and approved: Clark v. Jones, 93 Tenn., 642.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

DODSON & DODSON for Irvine.

ANDERSON & FRIERSON for Shrum.

WILKES, J.   E.  H.  Irvine and wife, Allean
Irvine, executed a deed of trust upon certain real
estate to one Gifford, to secure a debt due from the
husband to defendant, Shrum.   The wife's name was
signed to the deed, but it did not appear in the body,
or conveying part of the instrument.   The trust deed
was foreclosed, and Shrum became the purchaser.
Thereupon the wife filed her bill in chancery, enjoin-
ing him from taking possession of the property and
claiming homestead therein.   While this suit was
pending, Shrum learned that there was a debt for
purchase money upon the land and a deed of trust
to secure the same.   Shrum thereupon bought the
purchase money notes, and caused the mortgage to
secure them to be foreclosed and bought under the
foreclosure sale, and took deed from Montague, the
trustee.   He thereupon, by leave of the Court, filed
a cross bill, alleging the purchases under both trust
deeds, and asked that title be decreed to him free of
all homestead or rights in Irvine and wife, or either
of them.   This was demurred to on the ground that
Montague's right to enforce the trust for the pur-
chase money was barred by the statute of limita-
tion, inasmuch as his notes were barred; that the
legal and equitable title to the property had become
merged in Shrum, and the purchase money debt
had been satisfied and the lien discharged thereby.

This demurrer was overruled, and answer was made and proof taken, and decree was rendered fixing the right of Shrum to the land superior to the right of homestead and awarding a writ of possession, and from this decree the complainant appealed. The case has been heard by the Court of Chancery Appeals, and the decree of the Chancellor affirmed, and complainant has appealed to this Court and assigned errors, raising the same question already passed upon. We see no error in the decree of the Chancellor and Court of Chancery Appeals. The right of Montague to sell under his deed of trust was not barred by the statute of limitation, even though, as to the notes secured thereby, the statute may have run so as to bar the recovery of any personal judgment on them. The trust and lien of the mortgage is an express and not merely an implied one. *Fisher* v. *Fisher,* 9 Bax., 71; *Lincoln* v. *Purcell,* 2 Head, 143; *Gudger* v. *Barnes,* 4 Heis., 570; *White* v. *Blakemore,* 8 Lea, 62; *Smith* v. *Goodlett,* 8 Pickle, 230; *Harris* v. *Vaughn,* 2 Tenn. Chan., 483.

Neither was there a merger of the legal and equitable titles so as to extinguish the debt and cancel the lien. When Shrum bought under the Gifford trust he became the owner of the reversionary interest in the land—that is, the owner of the land subject to the homestead interest. By purchasing the mortgage notes he did not acquire any equitable title or interest in the land. Montague,

under his mortgage, held the legal title to the land superior to the homestead right, but for the purpose of securing the purchase money notes only. Shrum did not become vested with this legal title or right, but simply held the debt, which was an incumbrance on the land, and had only the right to call upon the trustee, Montague, to sell the land for the extinguishment of such lien. This he did, bought at the sale, and became thus vested with all the right which Montague could confer under the power contained in his deed of trust. It is true that when an equitable estate vests in the same person in whom is the legal title to the same premises, the usual rule is that the equitable merges into the legal estate. But, in order to merge, the two estates must be co-extensive as to the same property, and the doctrine is not a favorite with the Courts and will not be applied against the intention and interest of the holder of the legal title. *Moore* v. *Luce,* 72 Am. Dec., 629; 15 Am. & Eng. Enc. L., 313 *et seq.;* 2 Pomeroy's Eq. Jur., Secs. 788–791; Jones on Mortgages, 848; *United States Insurance Co.* v. *Murphy,* 111 U. S., 744.

Here the effort is to merge the greater estate held by Montague into the more limited or less estate in remainder or reversion obtained under the Gifford trust and conveyance. We can see no valid reason why Shrum should not buy under the Montague foreclosure and obtain all the rights which he could under that trust, in order to protect the title

he already had or to enlarge his estate in the premises, and this he might do pending the action to determine his right under the Gifford trust, and without leave of the Court in which that action was pending. We have been cited to no authority and can see no reason why Shrum should not in good faith justify the title he already had or buy in an additional assurance, or independent interest.

It is finally said that if any right existed to foreclose the mortgage under the trust, it could only be exercised by making the sale under the orders of the Chancery Court and not by mere motion of the trustee out of Court. It is the purpose of such deeds of trust to furnish an easy means of foreclosure without the aid of the Court. It is true the party foreclosing is not precluded from going into Court, if there should arise or exist any complication which the aid of the Court is required to remove; but unless there is some reason therefor, the proper practice is to sell without incurring the cost of a Court proceeding. *Clark* v. *Jones,* 9 Pickle, 642.

We can see no error in the decree of the Chancellor and Court of Chancery Appeals, and they are affirmed with costs.