## J. A. FRAZIER v. C. E. BRICE et al.

Eastern Section.   May 21, 1927.

No petition for Certiorari was filed.

1. **Principal and agent. Where the endorser of a negotiable note guarantees the interest, the collection and payment of the interest to the holder of the note it does not constitute him an agent of the owner of the note.**
   Where the payee of a note sold the same and endorsed the note guaranteeing the payment of the principal and interest he was required to pay the interest, and the fact that he collected the interest from the maker and paid it to the owner of the note did not constitute him an agent of the owner of the note.

2. **Mortgages. Deed of trust foreclosed without the request of the holder of the note is void.**
   Where the trustee in a deed of trust foreclosed the same without the request, knowledge or consent of the holder of the note, held that the foreclosure was void and no title passed by the trustee's deed.

3. **Estoppel. The failure of the owner of a note to disclose his ownership will not work an estoppel.**
   Where the owner of a note received his interest regularly the fact that he did not disclose his ownership of the note although it was long past due, held not to work an estoppel and bar his recovery.

4. **Bills and notes. Party giving a note and deed of trust on real estate to which she had no title is liable personally on the note although the mortgage is void.**
   Where a party bought land at a trustee's sale and the sale was void and the buyer gave a deed of trust and note on the land, held that the maker was liable personally on the note, although the deed of trust was void.

Appeal from Chancery Court, Knox County; Hon. Chas. Hayes Brown, Chancellor.

Affirmed.

Fowler & Fowler, of Knoxville, for appellant.

John A. Huff and Jennings, Saxton & Wright, of Knoxville, for appellee.

SENTER, J.   J. A. Frazier, the complainant, in his original bill filed in this cause alleges that he is the owner and holder of a certain promissory note in the sum of $1,000, dated July 11, 1912, and due two years after date; said note signed by the defendant, C. E. Brice and Frances Brice, and secured by a certain trust deed executed by C. E. Brice and wife, Frances Brice, to C. B. Johnson, trustee, of even date with said note, wherein there is conveyed to said trustee for the purpose of securing the payment of said note certain real estate situated in the First Civil District of Knox county, Tennessee; that complainant purchased the said note

from S. R. Rambo, the payee and endorser thereon, for value in due course of trade and is an innocent purchaser thereof. The bill further alleges, that notwithstanding the fact that complainant was and is the true and lawful holder of said note, the defendant C. B. Johnson, trustee, did, without the request of the complainant, or without his knowledge or consent, foreclose said trust deed and sold the real estate therein described at the trustee's sale to the defendant Frances Brice, by trustee's deed dated January 11, 1923; that complainant filed said suit immediately after ascertaining that said trust deed had been foreclosed; that complainant, as the owner and holder of said $1,000 note secured by said trust deed has not been paid anything on said note except the interest thereon. The bill further alleges that on January 11, 1923, the defendant Frances Brice, the purchaser of said property at said trustee's sale, executed a trust deed on said property to the defendant Union Trust Company, trustee, which purported to secure an indebtedness to S. R. Rambo & Co. in the principal sum of $700, represented by a note of that date, and that said S. R. Rambo & Co. sold said note to the defendant Drusilla J. Ford, who claims to be the lawful holder of said note. The original bill alleges that the said foreclosure sale by defendant Johnson was void, for the reason that he received no consideration, if any, which was paid to the said C. B. Johnson, trustee, as the result of said foreclosure proceedings; and alleges that no part of the proceeds derived from said foreclosure sale was applied to his said debt, and that said foreclosure sale was had without his knowledge or consent; that said trust deed securing the said note is still a valid outstanding, prior encumbrance on said property, the same as though said foreclosure proceedings had not been instituted; that the trust deed securing complainants said note is a prior lien to the said trust deed executed by Frances Brice securing the said $700 note held by the defendant, Drusilla J. Ford. The bill prays that said pretended foreclosure proceeding be decreed to be void and to be set aside; for a decree against the defendants C. E. Brice, Frances Brice and C. B. Johnson for the amount of said note with interest and attorneys' fees; for a decree foreclosing the said trust deed, and directing a sale of the said property for the satisfaction of said indebtedness upon the terms as provided in said trust deed, and in bar of the equity of redemption; for general relief.

The defendant Union Trust Co., trustee, filed a separate answer, admitting that it was made the trustee in the trust deed of January 11, 1923, securing the indebtedness therein described; other allegations in the bill where not admitted are denied.

Frances Brice filed a separate answer, in which she sets out in substance: That on July 11, 1912, she and C. E. Brice executed a

negotiable promissory note in the sum of $1,000, payable to S. R. Rambo, due two years after date, and one $50 note due ninety days after date, said notes secured by a trust deed to S. B. Johnson, trustee, on the property described in paragraph one of complainant's bill. She denies that J. A. Frazier is the owner of said note; that she kept the interest paid up from time to time on said note and paid same to S. R. Rambo, the payee of said note. That if complainant purchased said note from S. R. Rambo it was done without her knowledge; that if complainant did buy said note and trust deed, he has been guilty of such gross negligence as would bar him from any recovery, and that said S. R. Rambo was acting as the agent for complainant; she denies that defendant C. B. Johnson, trustee, was without authority or did without request of complainant foreclosure said trust deed, but that said trust deed was foreclosed in accordance with the terms of same, and that she became the purchaser of said property at said sale; that she executed the $700 note and the trust deed on the property representing the balance of the purchase price paid by her at said foreclosure sale; that she purchased said property at said sale without any notice that complainant was the owner or holder of the $1,000 note secured by the trust deed; she denies that the $1,000 note is a valid and outstanding debt against the said property purchased by her at said foreclosure sale; she denies that said trust deed securing said note held by complainant is a prior, or any other lien, against the said property, and denies that said indebtedness has priority over the trust deed executed by her to secure the $700 note owned by Drusilla J. Ford.

The answer of Drusilla J. Ford to the original bill alleges that she is the present owner of the $700 note executed by Frances Brice to S. R. Rambo and secured by the trust deed executed by Frances Brice to the Union Trust Co., trustee; that said note was purchased by her deceased husband, J. C. Ford, and that she is entitled to recover the full amount of said note, and the attorneys' fees provided therein, and to have said note declared a lien upon the property involved in this cause, and to have same sold and proceeds applied to the payment of the note secured by said trust deed, and the interest and attorneys' fees provided therein.

It does not appear that either of the other defendants answered the bill.

An order pro confesso was taken against C. E. Brice and C. B. Johnson, trustee. Upon motion the answer of Drusilla J. Ford was ordered filed as a cross-bill and was ordered amended so as to pray for judgment upon the note held by her in the principal sum of $700, with interest and attorneys' fees thereon.

The Chancellor set out the facts as found by him in the final decree. The facts as found by the Chancellor, and as are decreed,

are in substance as follows: That complainant J. A. Frazier is the lawful holder of the note in the sum of $1,000, dated July 11, 1912, payable to the order of S. R. Rambo, signed by C. E. Brice and wife, Frances Brice, and duly endorsed by said S. R. Rambo; that complainant Frazier purchased said note for value before maturity; that said note is past due and unpaid and there are no set-offs nor counterclaims against the same, and that demand for payment has been refused; that the interest has been paid on said note to January 11, 1926; that said note is secured by a trust deed executed by C. E. Brice and Frances Brice, of even date with said note, and that the property described in said trust deed is as described in the bill; that upon the purchase of said note by complainant from S. R. Rambo, said Rambo delivered said note to Frazier, along with the original trust deed securing the same, and said note and trust deed have been in complainant's possession ever since; that, notwithstanding the fact that said note was acquired by complainant before maturity, and notwithstanding the fact that complainant continued to be the owner and holder thereof, and had said note and trust deed in his possession, that defendant C. B. Johnson, trustee, without the direction or authorization of complainant Frazier, or without his knowledge that he was doing so, proceeded to and did foreclose and sell the premises described in said trust deed; that in pursuance thereof a deed was executed by C. B. Johnson, trustee, to Frances Brice of date January 11, 1923, which trust deed was placed of record in the Register's Office of Knox county, that the said trust deed authorized its foreclosure by the trustee only at the option of the complainant, the holder of said note. The court further found that while the deed from C. B. Johnson, trustee, to Frances Brice, recites a consideration of $1,030, that as a matter of fact Frances Brice paid to S. R. Rambo at the time of said foreclosure the sum of $300 and delivered to him her note in the principal sum of $700; that complainant J. A. Frazier received no part of the said $300, nor was the $700 note executed by Frances Brice delivered to him; that after the deed of C. B. Johnson, trustee, was executed to Frances Brice, she executed a trust deed to the defendant Union Trust Co., trustee, of date January 11, 1923, conveying the premises hereinbefore described, for the purpose of securing the said $700 note. That thereafter and before the maturity of said $700 note, the payee therein, S. R. Rambo & Company, sold said note to J. C. Ford, the husband of Drusilla J. Ford, for value on April 5, 1923; that said note, at the time it was sold to said J. C. Ford, was endorsed by S. R. Rambo & Company, the payee, and was delivered to J. C. Ford along with the original trust deed securing the same; that said note and trust deed were in the possession of the said J. C. Ford until his death, and

since said time had been in the possession of complainant Drusilla J. Ford. That J. C. Ford died testate, and under the terms of his will, Drusilla J. Ford was vested with title to said note and clothed with power and authority to sue on and collect the same.

Upon these facts the Chancellor held and decreed that the foreclosure proceedings by C. B. Johnson, trustee, were void, and that the trust deed securing the note owned and held by complainant J. A. Frazier is still a valid and subsisting instrument creating a first lien upon said premises. The court further held and decreed that because the foreclosure of the trust deed by defendant Johnson, trustee, was invalid, that the deed from said C. B. Johnson, trustee, to Frances Brice, did not vest title in her, and that accordingly the subsequent trust deed which she gave securing the note held by Drusilla J. Ford, did not create a lien upon said premises securing the said $700 note. The court further found and decreed, that said note in the principal sum of $700, was duly executed by Frances Brice, and that the same came into the hands of J. C. Ford, deceased, before maturity, for valuable consideration, and that Drusilla J. Ford is the true and lawful holder thereof, and that she accordingly has the right to recover the amount of said note, with interest and attorneys' fees, of the defendant Frances Brice, and decreed a judgment in favor of Drusilla J. Ford, both as executrix and in her individual right, against the defendant Frances Brice for the amount of said note, with the accrued interest thereon, and ten per cent attorneys' fees, a total of $906.29. The court further decreed that complainant Frazier is entitled to have the trust deed securing his note foreclosed, and that the proceeds of the sale be applied, first to the payment of the costs of the cause; second, to the payment of the indebtedness to J. A. Frazier, the principal sum of $1,000, with interest thereon from January 11, 1924, and attorneys' fees, a total of $1262.25; third, the judgment rendered in favor of Drusilla J. Ford, the same having been impounded by cross-complainant Drusilla J. Ford; and fourth, the balance, if any, to be paid to defendant Frances Brice. The decree further directed that unless said indebtedness and judgment decreed in favor of J. A. Frazier and Drusilla J. Ford is paid within thirty days from the date of the decree the Clerk and Master would sell the property on the terms as directed in said decree, and apply the proceeds as above set forth.

Defendant and cross-complainant Drusilla J. Ford excepted to so much of said decree as failed to adjudge that the trust deed securing her note did not create a first lien on the property involved, and to such parts of the decree as were adverse to her, and prayed an appeal, which appeal was granted, but she did not perfect her appeal to this court.

To the decree of the Chancellor in granting the relief to J. A. Frazier and to Drusilla J. Ford, and to all other actions of the court adverse to her, the defendant Frances Brice excepted, and was granted an appeal to this court, and has assigned errors as follows:

"1.   The Chancellor erred in decreeing that C. B. Johnson, trustee, was without authority to foreclose the said trust deed and rendering judgment for $1,000 in favor of complainant.

"2.   The Chancellor erred in rendering judgment to Mrs. Drusilla J. Ford for $700 against the said Frances Brice.

"3.   The evidence preponderates against the decree in favor of the defendant."

We will dispose of these assignments of error collectively. We have hereinbefore set out the substance of the finding of the facts as found by the Chancellor. We have reviewed all the evidence in the record, and fully concur with the conclusions of the Chancellor on the facts as disclosed by the record. There can be no question under the evidence contained in the record, and the exhibits, but that complainant became the true and lawful owner and holder of the $1,000 note sued on in this case; and that he purchased the same for value before maturity. This note was secured by a trust deed executed by C. E. Brice and Frances Brice, the makers of the note, to C. B. Johnson, trustee. The note was endorsed by S. R. Rambo, and delivered, together with the trust deed securing the same, to complainant. The note has endorsed thereon the following: "The undersigned endorser of this note hereby guarantees the payment of principal and interest of this note, and all costs of collection." Signed S. R. Rambo. The complainant paid to S. R. Rambo $1,000 for this note. The fact that S. R. Rambo collected the interest semiannually from the makers of the note and paid same over to complainant did not constitute S. R. Rambo the agent of complainant, because under the endorsement signed by Rambo on the back of the note, S. R. Rambo guaranteed the payment of the principal sum and also the interest. It was the custom and practice of Rambo to pay this interest over to complainant. Complainant did not authorize or instruct Rambo to collect the interest from the makers of the note, but looked to Rambo for the interest as it became due and payable. There was no agreement between the parties that Rambo would collect this interest from the makers of the note for complainant. He was obligated by his endorsement to pay the interest, and did pay the interest to complainant. Complainant did not know whether Rambo collected this interest from the makers of this note, but only knew that Rambo paid the interest over to him regularly, semi-annually, as the interest became due and payable. Complainant did not know that the trust deed securing this note had been

foreclosed by the trustee Johnson until shortly before the bill was filed in this case, and he filed the bill promptly upon learning of the foreclosure proceedings. He did not instruct the trustee Johnson to foreclose the trust deed. It is not shown in the record at whose instance, if any one's, Johnson foreclosed this trust deed. It appears from the answer of the defendant Frances Brice, that in the purchase of the property at the foreclosure sale, she executed her note for $700 payable to Rambo & Co., and it also appears that she paid the balance of the purchase money in cash to Rambo & Co. She knew that she had borrowed $1,000 from Rambo, and that she with her husband C. E. Brice, had executed their note to Rambo, and had executed a trust deed on this same property to Johnson, trustee, securing said note. It is not explained in the record why she became the purchaser of this property at $1,000, at a foreclosure sale under a trust deed which she had executed with her husband to secure a $1,000 note. It does appear that the deed made by the trustee was made to her alone, and not to her and her husband C. E. Brice. It also appears that she executed the mortgage on the property securing the $700 balance without her husband joining in the trust deed, and that she was living separate and apart from her husband. This appears to have been an arrangement by which the defendant Frances Brice would become the owner of the property to the exclusion of her husband. However this may be, the fact remains that the foreclosure proceedings were not at the instance or by the direction or authority of complainant Frazier, who was the lawful holder of the note secured by the trust deed. He received no part of the consideration, and his note remains unpaid in whole or in part. It is contended that the complainant by his failure to disclose his ownership of the note is now estopped. We do not think this insistence is sound. Rambo was not the agent of complainant; while the note was long past due, the trust deed securing the note was in operation and effect. He was receiving the interest regularly and promptly on the investment, and was satisfied with the investment. There was nothing in his conduct that could in any way operate as an estoppel from asserting his legal rights as the lawful owner and holder of the note, secured as it was by the valid trust deed.

We are of the opinion that the Chancellor properly held and decreed that the foreclosure proceedings were invalid, and that the trust deed securing complainant's note is still in full force. We are also of the opinion that defendant Frances Brice did not acquire any title to this property by virtue of the deed executed to her by C. B. Johnson, trustee, and that therefore the trust deed executed by Frances Brice to the Union Trust Co. securing the $700 note, afterwards acquired and held by Mrs. Drusilla J. Ford, did not

convey any title to the trustee named therein, and did not constitute a lien on the property to secure said $700 note.

We are further of the opinion that Frances Brice, as the maker of said $700 note, now owned and held by cross-complainant Drusilla Ja. Ford, is liable to said Drusilla J. Ford for the amount of said note, the accrued interest and attorneys' fees as decreed by the Chancellor.

It results that all assignments of error are overruled, and the decree of the Chancellor is affirmed. The cause is remanded to the chancery court of Knox county for the carrying out of the decree of the Chancellor. The appellant will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.