W. H. ARNOLD & WIFE v. MRS. R. D. MORROW.

Middle. Section.   December 23, 1927.

Dancy Fort, of Clarksville, and W. W. Patterson, of Erin, for appellant, Arnold and wife.

J. M. Spencer, of Erin, for appellee, Mrs. Morrow.

CROWNOVER, J. The bill in this cause was filed to enjoin the sale or disposition of a mortgage and note for $540, executed by complainants to R. D. Morrow, who had bequeathed the same to his wife, defendant Mrs. Morrow; and it was alleged that the note had been renewed several times and payments made thereon, including usurious interest, that upon a proper accounting the debt had been paid; and that both the note and mortgage were barred by the statute of limitations, hence it prayed for an injunction and an accounting, and for a cancellation of the note and mortgage.

On May 10, 1926, the defendant filed an answer and cross-bill in which she alleged that the original complainants had on January 5, 1916, executed the original note for $540, secured by a mortgage on house and lot in Danville, Tennessee, for borrowed money, which

matured on January 5, 1917; that said note was renewed on January 5, 1919, payable twelve months after date; that the mortgage provided on its face that it was to secure the $540 note and all extensions and renewals without the necessity of executing a new mortgage. She admitted that complainants had paid some interest above the legal rate, at their own instance, and also $100 on the principal, but after giving credit for all the payments made and charging the legal rate of interest, the complainants owed a balance of $475.70 on said note secured by said mortgage, which she denied was barred by the statute of limitations, as she had extended the time of payment from 1920 year by year until 1925, at complainants' request, upon payment of interest. She prayed for a decree for the balance due on the note and for a foreclosure of the mortgage.

The complainants answered the cross-bill, and denied that they had promised to pay the note, pleaded the statute of limitations, and set up all the defenses alleged in their original bill.

The Chancellor decreed that the mortgage and note were not barred by the statute of limitations as cross-defendants had renewed said indebtedness by new promises in writing by letters written to Mrs. Morrow, that cross-complainant Mrs. Morrow should recover the balance due on the note of $380.03, and $8 additional, paid by her on insurance premium on the house, making a total of $388.03, and decreed the same to be a lien on the house and lot, that the mortgage be foreclosed and the property sold subject to the equity of redemption. The complainants Arnold and wife have appealed and assigned errors in which it is insisted that the court erred in rendering the decree on the note and in holding that the mortgage constituted a lien on the indebtedness.

Under these assignments of error it was insisted that the court erred in rendering a personal decree against the complainants in the case, because the note showed on its face that it was dated January 5, 1919, due twelve months after date, whereas the cross-bill in this cause was not filed until May 10, 1926, more than four months after the statute of six years limitation had barred the note; that the court erred in holding that the new promises had revived the note, as the only evidence was letters from W. H. Arnold to Mrs. Morrow but these letters did not refer to any particular note, neither did they show that the execution of this note was a renewal of the one mentioned in the mortgage; that there was absolutely no proof of any promise on Mrs. Arnold's part to pay the note or any request by her for an extension.

It is further insisted that the court erred in holding that the mortgage was a lien on the property, as it was admitted that the note mentioned in the mortgage, dated January 5, 1916, and due January 5, 1917, was cancelled by renewal note, and the letters showed that

this renewal note was given January 5, 1917; it being insisted that that note was evidently also paid by a renewal note, or otherwise, because it is not the one sued on in this case; that the note sued on does not show that it was a renewal of the note mentioned in the mortgage, as it states on its face "this note is secured by a mortgage on real estate, desired in said mortgage, executed by us to said R. D. Morrow on January 5, 1915," but the mortgage which was relied on is another mortgage dated January 5, 1916. It is therefore insisted that when the debt secured by the mortgage was cancelled that also operated to cancel the mortgage.

The facts necessary to be stated are that complainants W. H. Arnold and wife on January 5, 1916 executed a note for $540 to R. D. Morrow for borrowed money, and also executed on the same date a mortgage on a house and lot in Danville, Tennessee, to secure the same. The mortgage provided on its face: "We, further hereby expressly agree that, in the event the payment of said note, or indebtedness hereinbefore set out should be extended by said R. D. Morrow when it becomes due, or any part thereof shall be extended by a renewal of said note, or otherwise, then this mortgage shall stand and hold good for the extension of all renewal notes, if any should be made, until they, or any of which shall be paid, without the necessity of executing a new mortgage to secure the payment of said renewals, if any should be made."

The proof shows that the note was not paid at maturity, but on January 5, 1919, the complainants renewed said note by executing another note which is as follows: "Erin, Tennessee, January 5, 1919. Twelve months after date we, or either of us, promise to pay to R. D. Morrow the sum of $540, payable at the Bank of Erin, Erin, Tennessee. This note is secured by mortgage on real estate, described in said mortgage, executed to us by the said R. D. Morrow, on January 5, 1915, and this note is made a part thereof, and is a renewal of a former note given with aforesaid mortgage."

This note was not paid, but the complainants paid the interest at the rate of eight per cent yearly on the same up until 1925, and also paid $100 on the principal. The time of payment was extended from year to year at the request of complainant W. H. Arnold, who unqualifiedly acknowledged the debt and requested the extension each year upon the payment of interest, which he fixed at eight per cent.

The house and lot covered by the mortgage was situated in Danville, Houston county, Tennessee, but the mortgage was recorded in a deed book after being properly noted for registration, in the county register's office of Houston county.

The Chancellor, after finding that the indebtedness secured by the mortgage had not been paid but had been renewed by this renewal note, above set out, was not barred by the statute of limitations, be-

cause the complainants had promised to pay the same, found that after giving all just credits the complainants owed Mrs. Morrow a balance of $380.03, including the legal rate of interest, and also $8 paid by her as premium on fire insurance policy on said house.

We agree with the Chancellor in this holding to the effect that the original indebtedness secured by said mortgage has not been paid, and that the note executed in 1919 was a renewal of said original note, secured by said mortgage, and that neither the mortgage nor the note is barred by the statute of limitations, as the note was renewed by unqualified acknowledgments equivalent to new promises by W. H. Arnold from year to year until 1925; but we fail to find anything in the record to show that Mrs. Edith Arnold ever made any new promise to pay the note after it was executed on January 5, 1919; but we hold that the mortgage is not barred by the statute of limitations as to either appellant, as the lien runs for ten years after the maturity of the original note (January 5, 1917). See, Shannon's New Code, sec. 4464.

An unqualified acknowledgment of a debt is equivalent to a new promise. Savage v. Gaut, 57 S. W., 170; 1 Williston on Contracts, sec. 166; 8 Michie's Ency. Dig. Tenn. Rep., 518.

Where a mortgage or deed of trust provides that it is to secure a note and any renewals thereof, it covers such renewals, in the absence of a contrary intention. See, Merrimon v. Parkey, 136 Tenn., 645, 191 S. W., 327; Sover, Strause Co. v. Bessengen, 9 Baxt., 393; Vaughn v. Grotenkemper, 3 Cooper's Tenn. Chy., 93; Telford v. Broyles, 2 Shan. Cas., 520.

A foreclosure sale under a mortgage or deed of trust is not barred by the fact that the indebtedness secured thereby is barred, so that no personal judgment can be recovered for the indebtedness, as the lien is an express lien. See, Irvine v. Shrum, 97 Tenn., 259, 36 S. W., 1089.

The fact that the mortgage was registered in the deed book instead of a trust book, does not affect its validity where it is properly noted for registration. See, Swepson v. Bank, 9 Lea, 713.

The plea of usury cannot affect the recovery in this case, as no relief can be had against usury except upon payment of the debt and legal interest. See Shannon's New Code, sec. 3503, notes 21-23; Boyers v. Boddie, 3 Humph., 666; Parham v. Pulliam, 5 Cold., 500. Hence the amount of usury paid will be treated as payment on the principal. Even where a note is usurious on its face, a cancellation will not be decreed by a court of equity at the instance of the maker, except upon payment of what is justly and legally due on the note after deducting usury. See, Bang v. Windmill Co., 96 Tenn., 361, 34 S. W., 516.

380

It results, that we hold that the assignments of error are not well made, and must therefore be overruled. We affirm the decree of the Chancellor in all respects, except that no personal decree can be rendered against Mrs. Edith Arnold, as we hold that the note is barred by the statute of limitations as against her.

A decree will be entered here for the sum of $388.03 with interest from April 18, 1927, against W. H. Arnold, a lien is declared as against both W. H. Arnold and Edith Arnold, on the house and lot mortgaged, which will be sold with right of redemption, as required by law in satisfaction of said decree. The cause will be remanded to the chancery court of Houston county for a sale of the house and lot described in the mortgage under proper orders, in accordance with this opinion. In the event the proceeds of the sale amount to more than the decree and costs, the balance will be paid to appellants. The costs of the cause, including the cost of the appeal is decreed against appellants and the surety on their appeal bond, for all of which execution may issue, but if the cost of the cause cannot be collected by execution it will be paid out of the proceeds of sale.

Faw, P. J., and DeWitt, J., concur.