MRS. MARY L. FOSTER, ADMINISTRATRIX, COMPLAINANT, AP-
PELLANT, *v.* C. W. HARLE, TRUSTEE, *et al.,* DEFEND-
ANTS, APPELLEES.

(*Nashville,* December Term, 1932.)

Opinion filed February 25, 1933.

COOKE, SWANEY & COOKE, for complainant, appellant.

D. SULLINS STUART and JAS. F. CORN, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This cause is on the docket of this court on the appeal of the complainant, Mrs. Mary L. Foster, administratrix, from a decree of the chancellor sustaining a demurrer interposed by two of the defendants, C. W. Harle, trustee, and Merchants Bank, and dismissing the bill as to them.

Prior to the filing of the bill a temporary injunction was awarded the complainant restraining C. W. Harle, trustee, from selling a tract of real estate under the authority of a deed of trust, the sale having been advertised for July 15, 1932. In granting the complainant an appeal from the decree sustaining the demurrer and dismissing the bill as to the two defendants above-named, the chancellor directed that the injunction should be reinstated and should continue in force pending the disposition of the appeal, upon the execution by the complainant of an additional injunction bond.

The cause is now before us upon the petition of Merchants Bank and C. W. Harle, trustee, appellees, for an order directing that the hearing of the cause be advanced and transferred to Nashville, and for an order dissolving and vacating the injunction pending the appeal. This petition is grounded upon sections 154 and 10553 of the Code of 1932. The petition is resisted by the appellant.

The case as stated by the original bills is that on March 10, 1931, Mrs. Katherine E. Ledford executed two promissory notes due in nine months; one payable to the Merchants Bank in the sum of $5792, and the other payable to Arthur Traynor, complainant's intestate, in the sum of $2308. To secure the payment of these two notes Mrs. Ledford simultaneously executed a deed of trust conveying to C. W. Harle, trustee, a farm of about 300 acres, with power in said trustee to sell and convey the farm upon default in the payment of any part of said notes, after advertisement for thirty days by a written poster at the east door of the courthouse in Cleveland. Sale for cash, in bar of the equity of redemption was authorized. The trustee was directed to apply the proceeds of any such sale, first to the expenses of executing

the trust, second to the note payable to the Merchants Bank, and third to the payment of the note payable to Arthur Traynor.

Default was made in the payment of these notes, and a sale was advertised for July 15, 1932, pursuant to the terms of the deed of trust.

Complainant, as administratrix of the estate of Arthur Traynor, deceased, is the holder of the note payable to her intestate, and concedes that her right to share in the proceeds of a sale of the real estate is subordinate to the rights of the holder of the other note. Prior to the filing of the bill, she requested the trustee to postpone the sale "at least thirty days," in order that she might arrange to borrow sufficient money to protect her subordinate interest, which request was refused. It is averred that because of the existing financial distress of the community she could not raise the money necessary to protect her interest in the property; that the sale had not been advertised except by the single notice posted at the courthouse door; and that the sale, if held on the date stated, would be at a sacrifice, bringing much less than enough to pay all the indebtedness against the land.

The bill avers that C. W. Harle, trustee, is president of the Merchants Bank, the holder of the note primarily secured.

It is averred that the farm is in first-class condition, and, prior to the existing financial stringency, was worth $20,000; that it was occupied for the year 1932 by a tenant; and that a valuable crop was growing on the land at the date the bill was filed.

Mrs. Ledford, the maker of the two notes, and Mrs. May L. Wall, joint maker, were joined as defendants. The bill was filed on July 14, 1932, the day before the

date fixed in the advertisement for the sale of the property.

The bill prayed that an injunction issue against the trustee, enjoining the advertised sale; that a receiver be appointed to collect the rent on the farm for the year 1932; that complainant have a decree against Mrs. Ledford and Mrs. Wall for the amount of her debt; and that the land be sold on such terms as might be decreed by the court. The bill also prayed for general relief.

Pursuant to the prayer of the bill the chancellor appointed a receiver for the farm, directing him not only to collect the rents for 1932, but also to rent out the farm to the best advantage for the year 1933. No exception was taken to this order, and while the record does not further show the facts, it is assumed that the receiver complied with the directions of the court by renting the farm for the year 1933.

We are of the opinion that the record does not make a case which would authorize an order transferring the hearing from the Eastern Division at Knoxville, where the case is docketed, to the present session at Nashville. Section 154 of the Code authorizes such a transfer, without the consent of the parties, of emergency causes. Inasmuch as the appellees are protected by injunction bonds of $1500, with the property in possession of a receiver appointed by the court, the delay incident to the disposition of the appeal at the September term at Knoxville will not cause any such loss of right which would justify the court in treating the case as an emergency case.

Section 10553 of the Code, which is invoked by the appellees in support of their petition for an order dissolv-

ing and vacating the injunction, pending final disposition of the appeal, is as follows:

"In other cases on appeal it lies in the sound, but reviewable, discretion of the chancellor to disallow or grant, on terms as to bond and security from either party, the reinstatement or continuance in effect on appeal, of an injunction that is or has been dissolved; but application may be made, in either case, by the party aggrieved to a judge of the court to which appeal has been perfected for a grant or denial of the continuance of the injunction, as the case may be; and, if the appellate judge determine that the case is a proper one, he shall fix the amount and conditions of the bond to be executed, for approval as to sureties and filing by the clerk of his court."

This section works a change in the practice from that which obtained prior to the enactment of the Code. Formerly a temporary injunction dissolved by final decree of the chancellor was held to continue in effect pending an appeal from such final decree. This was on the theory that the final decree dissolving the injunction was vacated by the appeal.

■ Under the Code section quoted the chancellor is vested with power to determine whether such an injunction shall be continued in effect pending such an appeal. Direction of the chancellor that the injunction should be so continued in effect is an exercise of the discretion with which the chancellor is thus vested.

■ The appellate court, or one of the judges thereof, is vested with power to review this exercise of discretion by the chancellor, upon application of the party aggrieved. Upon such an application the inquiry is whether

the chancellor abused the discretion vested in him, in making the order complained of.

■ In the case before us the temporary injunction awarded upon the filing of the bill served the purpose of preventing the sale on the date advertised by the trustee. Thereafter the only point of the bill in which the present petitioners are interested is the prayer that the property be sold for the satisfaction of the two notes under the orders of the chancellor. A present order vacating the injunction necessarily involves an adjudication of that ground of the demurrer which attacks the bill for want of equity, and such an adjudication at this time would necessarily prejudice, if not defeat, a hearing on the merits of the cause in the regular order. Such disposition of the appeal should not be made, in advance of the hearing, unless necessary to preserve patent rights and equities.

■ Since it appears from the record that the property, which is the security for the two debts, is now in the custody of the chancery court, acting through its receiver, and presumably has been rented for the year, as the receiver was authorized and directed to do, it does not appear likely that any right of the Merchants Bank would be protected or conserved by vacating the injunction in advance of the hearing at the September term in Knoxville.

In these circumstances we hold that no abuse of discretion is shown in the action of the chancellor continuing the injunction in force pending the appeal. The petition for an order vacating the injunction is accordingly denied.

It will be noted that the two notes executed by Mrs. Ledford are secured by a single deed of trust, and that

no distinction is made therein between the rights of the holders of the two notes, except as to the application of the proceeds of a sale by the trustee. The trustee is the president, and therefore the chief executive officer of the corporation which is the holder of the note entitled to priority in the disposition of the proceeds of a sale. The holders of the two notes do not agree in their directions to their joint trustee. Both notes are in default, and a sale of the property is necessarily for the benefit of the holders of both. In view of the fact that the trustee, although entire good faith is conceded, is not in a position to act impartially, the question is suggested to counsel, for their consideration on the hearing of the case at Knoxville, whether these facts would not authorize the complainant to have the trust executed under the orders of the chancery court.