STATE OF TENNESSEE *ex rel. v.* G. W. MEUX *et al.*

*(Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

J. T. Gray, Jr. and Kinney & Norris, for plaintiff in error.

Hugh L. Clarke and John R. Bond, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This case is before us upon motion of defendants to transfer and advance it for hearing at Nashville during the present term. The court expressed a willingness to grant the motion if consented to by the complainants. They, however, not only refused to so consent, but are resisting the motion.

By section 154, Code of 1932, the court is given authority to transfer and advance for hearing "emergency causes." This is a very salutary statute and the court does not hesitate to exercise the power conferred thereby in a proper case, but it should be defined to "emergency causes," or those where great or irreparable injury or wrong might result from a delay.

By chapter 188, Private Acts of 1929, the General Assembly passed a road law for Haywood County, under the provisions of which the supervision, construction, and maintenance of roads in the county was committed to a commission of five members. These commissioners were to receive as compensation for their services $5 each per month. They were authorized to and did employ a highway superintendent, at a salary of $100 per month.

By chapter 480, Private Acts of 1933, the road law of 1929 was repealed (by implication), and a new commission of three members provided. The Act also created

the office of county road supervisor, whose salary was fixed in the Act at $1080 per year.

■ The bill was filed as a *quo warranto* proceeding by the new commission against the old, for the purpose of having the court determine which of the two was entitled to administer the road law of the county. The defendants, by demurrer, challenged the constitutionality of the 1933 Act. The trial court was of opinion that the new act was valid, and thereupon overruled the demurrer, but, exercising his discretion, permitted the defendants to appeal. A temporary injunction was issued upon the filing of the bill enjoining the defendants from interfering with complainants in the discharge of the duties of road commissioners, etc., and upon final hearing the injunction was made perpetual; so that at the present time complainants are in control of these offices. While the case was tried in the circuit court, we hold that the proceeding is one of an equitable nature, in which a discretionary appeal is allowable. Code of 1932, secs., 9038, 9336-9345; 51 C. J., 312; *State* v. *Robertson*, 5 Tenn. Civ. App., 438.

■ We are of the opinion, however, that this is not an "emergency cause" within the meaning of the Code provision referred to above. The public in general is not concerned as to which of the two commissions administers the road law, or whether the superintendent or supervisor receives the salary of the office which each is claiming. Pecuniarily, the contest is a controversy between two individuals as to who shall occupy the office and draw the salary. Many like cases come before this Court, but they have never been looked upon as "emergency causes."

The trial court undertook to indemnify defendants by requiring complainants to execute an injunction bond.

The defendants are not insisting that the injunction bond is inadequate to protect them. We are not called upon at this time to decide whether the county will be liable for the compensation of defendants in the event it is finally determined that they were wrongfully deprived of their offices. Neither is the question before us as to the liability of the fiscal agents of the county, officially or individually, for any sums they may pay complainants under the new act pending a decision by this Court as to its validity.

We hold, therefore, that the delay incident to the disposition of the appeal at the April, 1934, term at Jackson will not cause any such loss of right as would justify the court in treating the case as an "emergency cause." *Foster* v. *Harle,* 165 Tenn., 620.

The motion to transfer and advance the case for hearing will be denied.