FOSTER *v.* HARLE *et al.*

(*Knoxville*, September Term, 1933.)

Opinion filed Nov. 18, 1933.

Cooke, Swaney & Cooke, for Mrs. Mary L. Foster, administratrix.

D. Sullens Stuart and James F. Corn, for C. W. Harle, trustee, and others.

Mr. Chief Justice Green delivered the opinion of the Court.

This case was before us formerly on an application to transfer to the Middle Division, to advance for hearing, and to dissolve an injunction, under section 10553 of the Code, which the chancellor had continued in effect pending the appeal. The motion was overruled and the facts of the case stated at some length in *Foster* v. *Harle,* 165 Tenn., 616, 57 S. W. (2d), 452, 453. It is not necessary to go into these details again.

There was a trust deed securing a debt to the Merchants' Bank and also securing a debt to complainant's intestate. The instrument provided that the bank debt was to be paid first out of the proceeds of any sale. The trustee advertised the property for sale and the bill was filed to obtain a delay to give complainant an opportunity to raise funds to refinance to protect herself.

The chancellor dismissed the bill on demurrer and filed an opinion in which all the complainant's contentions are fully disposed of. The only purpose of the bill was to obtain a delay, and complainant has now, of course, obtained all the delay that she can ask or could have expected. The only question at this time before the court is whether the trustee should be allowed to proceed with the sale under the powers conferred upon him by the trust instrument, or whether a sale should be had under the orders of the court.

In the former opinion of the court it was said:

"It will be noted that the two notes executed by Mrs. Ledford are secured by a single deed of trust, and that no distinction is made therein between the rights of the holders of the two notes, except as to the application of the proceeds of a sale by the trustee. The trustee is the president, and therefore the chief executive officer of the corporation which is the holder of the note entitled to priority in the disposition of the proceeds of a sale. The holders of the two notes do not agree in their directions to their joint trustee. Both notes are in default, and a sale of the property is necessarily for the benefit of the holders of both. In view of the fact that the trustee, although entire good faith is conceded, is not in a position to act impartially, the question is suggested to counsel, for their consideration on the hearing of the case at Knoxville, whether these facts would not authorize the complainant to have the trust executed under the orders of the chancery court."

A further examination of the terms of the trust deed shows that the trustee had no discretion as to a sale upon any default with respect to the two notes secured, or with respect to the payment of any part thereof. It was not a matter of consequence whether the holders of the two notes agreed in their directions to the trustee or not. The instrument provided:

"But should said notes or any notes given in renewal of same or any part thereof remain due and unpaid after maturity, then any and all notes whether matured or not, shall immediately become due, and enforceable under the terms of this instrument, to the extent as if said notes had regularly matured, and the said trustee or his successor in trust shall proceed to advertise said real estate, etc., etc."

■ This mortgage is not like the instrument considered in the *Rambo cases,* where the trustee could only act at the demand of the creditor. See *Frazier* v. *Galbraith,* 3 Tenn. App., 302; *Frazier* v. *Brice,* 4 Tenn. App., 531.

In the absence of such stipulation, where there is an unequivocal provision that the trustee shall sell on default, he may proceed to sell on his own motion. 41 C. J., 945.

■ Moreover, if one trust deed secures several debts, any creditor can demand a foreclosure, as a general rule, upon maturity of his claim. 41 C. J., 886.

■ There is no bad faith charged to the trustee. He is expressly acquitted of any bad faith by the finding of the chancellor. Since his duties under the trust deed are plain, and there is no opportunity for him to unduly favor the one party at the expense of the other, if he were so disposed, we see no reason why he may not conduct the sale of this property.

■ ''But since mortgages with power of sale, or deeds of trust, are resorted to because affording a less expensive, as well as a more convenient and more expeditious, mode of foreclosure than that formerly existing, the maker will not be required to pay the greater expense of a foreclosure in equity, unless some good and sufficient reason be shown for taking the matter into court.'' *Clark* v. *Jones,* 93 Tenn., 639, 27 S. W., 1009, 1010, 42 Am. St. Rep., 931.

''It is the purpose of such deeds of trust to furnish an easy means of foreclosure without the aid of the court. It is true the party foreclosing is not precluded from going into court, if there should arise or exist any complication which the aid of the court is required to remove; but, unless there is some reason therefor, the proper prac-

tice is to sell without incurring the cost of a court proceeding." *Irvine* v. *Shrum*, 97 Tenn., 259, 36 S. W., 1089, 1090.

The facts of this case suggest no reason for departing from the rule laid down in the two quotations from our previous decisions. The trustee will accordingly be allowed to advertise and sell this propery for the satisfaction of the debts secured in the trust instrument.

It appearing that a receiver has been appointed for this property and the property rented pending this appeal, the cause will be remanded to the chancery court of Bradley county for settlement and further proceedings.

Appellant will pay the costs of this court, and the costs of the lower court will be taxed by the chancellor.