CHAMBERS *v.* PEMBERTON.

(*Knoxville*, December Term, 1939.)

Opinion filed May 18, 1940.

HARRY B. BROWN, of Jellico, for complainant.

FOWLER & FOWLER, of Knoxville, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This petition for attachment for contempt must be dismissed. The bill in this case prayed for an injunction to restrain Pemberton from acting as a member of the County School Board to which he had been elected on the allegation that he had removed his residence from the civil district in which he resided when elected into another district and thereby vacated his office. The chancellor granted a *fiat* on the filing of the bill, but on the hearing sustained a demurrer to the bill and dissolved the injunction and dismissed the bill. The injunction was the sole relief sought. Complainant appealed.

The theory of the petition is that the decree was final and that the appeal to this court re-instated the injunction; that it is therefore now in force, and it is alleged that the defendant has and is continuing to act as a member of the School Board in violation of the injunction.

Whatever may have formerly been the rule, the practice is now controlled by Code, Section 10553, which reads as follows: "Same, in other cases.—In other cases on appeal it lies in the sound, but reviewable, discretion of the chancellor to disallow or grant, on terms as to bond and security from either party, the reinstatement or continuance in effect on appeal, of an injunction that is or has been dissolved; but application may be made, in either case, by the party aggrieved to a judge of the court to which appeal has been perfected for a grant or denial of the continuance of the injunction, as the case may be; and, if the appellate judge determine that the case is a proper one, he shall fix the amount and condi-

tions of the bond to be executed, for approval as to sureties and filing by the clerk of his court.''

Commenting on this statute, it was said in *Foster* v. *Harle*, 165 Tenn., 616, 57 S. W. (2d), 452, 453: ''This section works a change in the practice from that which obtained prior to the enactment of the Code. Formerly a temporary injunction dissolved by final decree of the chancellor was held to continue in effect pending an appeal from such final decree. This was on the theory that the final decree dissolving the injunction was vacated by the appeal.''

The effect of the failure of the chancellor to exercise the discretion vested in him by the statute in favor of continuing the injunction in force was to leave the decree of dissolution in effect, until and unless this court should re-instate it.

Petition dismissed.