BILBREY et al. v. SMITH et al.

JACKSON COUNTY v. SAME.—158 S. W. (2d) 735.

Middle Section.   October 11, 1941.

Rehearing denied November 1, 1941.
Petition for Certiorari denied by Supreme Court, February 7, 1942.

Bailey C. Butler and Harry L. Page, both of Gainesboro, for appellants.

Lewis S. Pope, of Nashville, for appellee.

HOWELL, J.   The bill in this cause was filed to enjoin the defendant John C. Smith, Chairman of the County Court of Jackson County, from issuing two warrants in the sum of $500 each to George B. Haile and F. E. Harris, lawyers, which warrants had been authorized by the Chancellor of the Chancery Court of Jackson County, upon petitions filed in that Court asking that fees be allowed them and the amount of same fixed.   The bill was filed by a number of citizens and taxpayers of Jackson County and later an amended bill was filed and subsequently Jackson County became a party complainant by a petition.

The relief asked for is based upon the allegations of the bill to the effect that the defendant John C. Smith, as Chairman of the County Court, had perpetrated a fraud upon the taxpayers and the County by attempting to procure fees to be paid to the other two defendants Haile and Harris for services which will be hereinafter mentioned, and had surreptitiously agreed with his co-defendants to have a decree of the Chancery Court of Jackson County entered in their favor ordering these fees to be paid.   They allege that the decree of the Chancellor, thus procured, was fraudulent and void.

The case was put at issue and regularly heard by the Chancellor on May 7, 1941, upon the whole record including oral testimony, offered pursuant to a stipulation of counsel duly filed, when a decree was entered dismissing the bill, the Court being of the opinion that the allegations of the bill were not sustained by the proof and complainants had therefore failed to make out a case under the facts and the law entitling them to the relief asked.   Upon motion of Jackson County, it was substituted for the other complainants and all costs were assessed against it.

No finding of facts appear in the record nor is the injunction which had been granted mentioned in the decree.   The record does not disclose whether the injunction is in force or not.   The presumption is that the injunction was dissolved when the bill was dismissed.   The rule formerly was that an appeal from such a decree reinstated the injunction.   Gibson's Suits in Chancery, Section 849. Under Code Section 10553 it lies in the discretion of the Chancellor as to whether or not the injunction remains in force pending the appeal.   See Foster v. Harle, 165 Tenn., 616, 57 S. W. (2d), 452.

The complainants appealed from the decree of the Court dismissing the bill to this Court and have assigned errors.

There are a number of errors assigned and the complainants in their supplemental brief and argument say:

"While appellant has assigned serveral grounds of error we think they may be treated under three headings:

"1. Did the Court err in, passing at Chambers, on the petition of Haile and Harris for fees to be filed for them, the Answer of John C. Smith, the agreement for the hearing signed by all three of said defendants, without same having been filed as required by law?

"2. The Court erred in decreeing that the complainant had failed to make out its case, or failed to show fraud in procuring the fees, by defendants, or either of them.

"3. The Court erred in excluding the testimony of R. A. Montgomery, L. C. Quarles, B. C. Butler and Carsey Lynch, and B. L. Pruett."

All the assignments will be considered together.

More than a year before the filing of the bill in this case there were two mandamus bills filed by citizens of Jackson County against the defendant, John C. Smith, as Chairman of the County Court, seeking to require him to sign certain warrants and checks which he had refused to approve. The defendant Smith, as Chairman of the County Court, employed the defendants George B. Haile and F. E. Harris, attorneys, to represent him in these cases. They made defences for him in both cases and, except as to some of the warrants and checks, the Chancellor granted the mandamus at prayed in each case. The cases were appealed to the Supreme Court and these attorneys represented the defendant in that Court. The Supreme Court decided both cases on June 29, 1940, Chief Justice Green writing an opinion in each case.[1] One case was reversed and the mandamus denied and suit dismissed at the cost of the complainants. In the other case the decree of the Chancellor was modified and affirmed. No petitions to rehear were filed.

After these two cases were finally decided by the Supreme Court, the defendants Haile and Harris in order to secure compensation for their services notified the Chairman of the County Court that they would apply to the Chancellor of the Court in which the mandamus cases had been heard, under authority of Code Section 1059, to allow them fees for their services. This Code Section is as follows:

"*Powers and duties as financial officer.*—The judge or chairman of the county court shall have power:

"(1) *Counsel employed, when.*—To employ counsel, if there be no county attorney, to defend suits against the county, who shall be entitled to a reasonable fee, to be allowed by the court trying the cause."

---

[1]Opinions not designated for publication.

Jackson County did not have a County Attorney.

The defendants Haile and Harris subsequently filed petitions in the Chancery Court of Jackson County asking that the Court "fix and set a proper amount to be paid to them for their services" in representing the County Chairman in his official capacity. Answers were filed by the County Chairman in which he admitted that he had employed petitioners in his official capacity as was alleged, that he was willing to submit the question of fees to the Court and he admitted that petitioners rendered valuable services which were beneficial to the taxpayers of Jackson County. A stipulation was entered into agreeing that the petitions be heard by the Chancellor at his Chambers in Livingston, Tennessee, on Saturday, June 6, 1940, or at such other time as would suit the convenience of the Chancellor. On July 12, 1940, Chambers decrees were approved by the Chancellor in each case which are in form as follows:

"Be it remembered that this cause came on to be heard before Chancellor A. F. Officer at Chambers at Livingston, Tennessee, pursuant to agreement on July 6, 1940, upon the petition of George B. Haile and F. E. Harris to have their counsel fees fixed for representing the defendant in this cause, and the answer thereto of John C. Smith, Chairman, and upon the entire record in the cause, including oral proof with reference to what is a reasonable fee for said services.

"For satisfactory reasons appearing to the Court the cause was held under advisement until today. After due consideration of all which the Court is of the opinion and it is ordered and decreed that the aforesaid petition be and same hereby is sustained, and the Court is of the opinion from the proof and from the entire record, that a reasonable joint fee for the entire services of petitioners in this cause, including services in the Appellate Court, is $500.00. It further appears to the Court that this suit was against John C. Smith, Chairman, in his official capacity, and defendant is therefore entitled to have his counsel fees paid by Jackson County. The Clerk and Master is directed to file the aforesaid petition, answer and agreement, and the cost incident to this petition will be paid by the defendant.

"The Clerk and Master at Gainesboro, Tennessee, will enter this order on the Chambers Minutes of the court and preserve as provided by Statute.

"Done at Livingston, Tennessee, this July 12, 1940.

"A. F. Officer, Chancellor.

"Endorsed: Received from Hon. A. F. Officer, Chancellor, by the hand of F. E. Harris, Solr., filed and entered on Chambers Minutes. This July 13, 1940. W. E. Sadler, C. & M."

The bill in this case was filed on July 15, 1940.

The bill charges that the defendant County Chairman surreptitiously agreed with his co-defendants to defraud the taxpayers by having

these fees paid to them. They have failed to meet the burden of establishing any fraud.

█ Fraud must not only be alleged but must be proven and there are many cases upon this subject. In the case of Williams v. Spinks, reported in 7 Tenn. App., at page 488, the Court said:

"Fraud is never presumed, it must be clearly proved, the burden of proof is on the complainant and the law is, 'in all cases, except those involving transactions between persons occupying fiduciary or confidential relations with each other where the right to relief is based upon the alleged commission of the fraud, the presumption is in favor of the fairness of the transaction and the innocence of the person accused, and the burden of proof is upon the party asserting the fraud to establish the same.' Ency. of Ev., Vol. 6, p. 6.

"The party alleging fraud takes upon himself the burden of proving every necessary and material element of fraud and fraud will not be presumed from a showing merely that a motive or intent to perpetrate the same existed.

. . . . . .

"On the sufficiency of evidence to establish fraud, it has been stated that the evidence must be clear and satisfactory. Some authorities hold that it must be clear, cogent and convincing or strong and decisive. The general rule is that the evidence to be sufficient to establish fraud should prove a state of facts which is not fairly or reasonably reconcilable with fair dealing and honesty of purpose, and which would lead a reasonable man to the conclusion that fraud in fact existed. R. C. L., Vol. 12, Sec. 183."

In discussing a case involving the setting aside of a decree of a Court of record Justice Neil in the case of Keith v. Alger, reported in 114 Tenn., 1, on page 25, 85 S. W., 71, 77, said: "But it is equally clear that there must be at some time an end of litigation, and that the parties to a record, or the privies thereto, should not, in general, be allowed to retry the same issues after final judgment and the exhaustion of correctory and appellate proceedings. Carried to its ultimate, there would be no end to such retrials. The second case could be retried by a third, and the third by a fourth, and so on ad infinitum, and nothing would ever be settled."

And again on pages 28 and 29 of the same case in 114 Tenn., at page 78 of 85 S. W., it is said: "Relief must also be denied to the complainants on the ground that their first duty was to apply to the court in which the case was tried, by a proceeding for the correction of errors; that they have made such application by a petition for leave to file a bill of review for newly discovered evidence; and that relief has, according to the forms obtaining in that jurisdiction, been denied to them."

█ It is claimed that the Chancellor had no jurisdiction of these petitions for the allowance of fees because filed in the mandamus

cases which had been appealed to the Supreme Court and not remanded as was done in the case of Nashville, C. & St. L. Ry. v. Carroll County, 161 Tenn., 581, 33 S. W. (2d), 69.

In Gibson's Suits in Chancery, Higgins & Crownover Edition, in paragraph 796 on page 649 it is said: ''To avoid the perplexities, resulting from the anomalous and reprehensible practice of filing improper petitions in a cause, and taking issue and making decrees on them, our Supreme Court constrained by the statute, and prompted by a most commendable disposition to do justice despite such gross irregularities, have dealt with such petitions as though they were original bills, and have given the consequent relief.''

And Code Section 10653 is as follows: *''Reversal upon merits.—* No judgment, decision, or decree of the inferior court shall be reversed in the appellate courts, unless for errors which affect the merits of the judgment, decision, or decree complained of.''

The whole proceeding under the petitions was regular and proper and the charge that the Chancellor's decrees are fraudulent and void wholly fails.

The testimony offered by the complainants of the witnesses R. A. Montgomery, B. C. Butler, L. C. Quarles, Carsey Lynch and B. L. Pruett was in regard to matters that were not connected with this cause but with the two mandamus cases that were disposed of by the Supreme Court and was clearly incompetent in this case.

Had it been held competent it would not have had any effect upon the determination of the issue as to whether or not the orders of the Chancellor allowing fees to the defendants Hail and Harris were void.

The mandamus suits were against the defendant Smith in his official capacity as Chairman of the County Court of Jackson County, and involved the payment of funds belonging to the taxpayers, and were in effect suits against the County itself, and under the Code Section above quoted it was the duty of the Chairman to employ counsel. These defendants Haile and Harris proceeded in the proper manner by filing pleadings to have their fees allowed and the amounts fixed by the Chancellor, and the regularity of the proceeding and whether or not the decrees were fraudulently procured are the matters involved here. No question is made as to the reasonableness of the amounts of the fees fixed by Chancellor.

We find no error in the decree of the Chancellor dismissing the complainants' bill. The assignments of error are overruled and the decree of the Chancery Court of Jackson County affirmed.

The appellant will pay the costs of the appeal.

Affirmed.

Crownover, P. J., and Felts, J., concur.