836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia B. KING, Plaintiff-Appellant,
v.
Geoffrey P. EMERY, East Tennessee Title Insurance Agency,
Inc., James D. Estep, III, Middlesboro Federal Savings and
Loan Association, John Stephens, Now Investments, Inc.,
Benny Walker, and Michael G. and Vicki Winget, Defendants-Appellees.
 No. 87-5419.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Judge.
 
 ORDER
 
 1
 This plaintiff appeals from the district court's order dismissing her civil complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff alleged that her constitutional rights to notice and a hearing before being deprived of her property were violated when she lost her home during a nonjudicial foreclosure sale.
 
 
 3
 Upon review, we affirm the district court's judgment as to all defendants except for Walker. The district court's judgment dismissing the action against defendant Walker is vacated and remanded for further proceedings.
 
 
 4
 The district court correctly concluded that this private foreclosure sale does not constitute state action. The Supreme Court has held that where state involvement in a private action constitutes no more than acquiescence or tacit approval, the private action is not transformed into state action even if the private party would not have acted without authorization of state law. Flagg Bros. v. Brooks, 436 U.S. 149 (1978). Indeed, under the Flagg standard, the actions of a private party will not be attributed to the state unless the state actually compels the action. United States v. Coleman, 628 F.2d 961, 964 (6th Cir.1980).
 
 
 5
 Tennessee does not compel the use of private nonjudicial foreclosure sales in financing agreements, but rather allows the creditor to choose between judicial sale or private nonjudicial sale. Plaintiff contends that the two Tennessee Supreme Court cases, decided in the 1800's, show that Tennessee compels private nonjudicial foreclosure sales. THe court further stated that if the creditor chose to pursue a judicial foreclosure sale without good reason any additional cost would not be assessed against the defaulting debtor. Clark v. Jones, 93 Tenn. 639, 27 S.W. 1009 (1894); Irvine v. Shrum, 97 Tenn. 259, 36 S.W. 1089 (1896). This recognition of private nonjudicial foreclosures falls short of the compulsion required to establish state action. See Flagg, 436 U.S. 149; Adikes v. S.H. Kress & Co., 398 U.S. 144 (1970).
 
 
 6
 Furthermore, plaintiff did not allege that there was a conspiracy between the deputy sheriff and the non-state defendants. Absent such an allegation, state action cannot be imputed against all defendants. See Dennis v. Sparks, 449 U.S. 24 (1980). Thus, dismissal of the non-state defendants was proper.
 
 
 7
 In contrast, the dismissal against defendant Walker was improper. The district court used the wrong standard when it used a good-faith subjective test to determine whether the deputy sheriff was immune. The correct test is objective in nature and inquires whether plaintiff's rights were clearly established at the time of the alleged violation. See Davis v. Scherer, 468 U.S. 183 (1984); Harlow v. Fitzgerald, 457 U.S. 800 (1982). Remanding of this part of the case will allow factual development on the record to discern whether the deputy sheriff had an affirmative duty to refrain from the alleged illegal conduct. See Anderson v. Creighton, 107 S.Ct. 3034 (1987); Dominque v. Telb, 831 F.2d 673, 676 (6th Cir.1987). It is true that plaintiff had an opportunity to rebut the qualified immunity issue when she filed her response to defendants' motion to dismiss. However, in light of the fact that the district court and the parties focused on the wrong test, this issue needs reconsideration.
 
 
 8
 In addition, it was not proper to dismiss the deputy sheriff on the basis of qualified immunity because that defense only applies to plaintiff's request for damages, and not to her request for injunctive relief. Pulliam v. Allen, 466 U.S. 522 (1984).
 
 
 9
 The district court's judgment as to all defendants except for Walker is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. The district court's judgment dismissing the action against defendant Walker is vacated and the case is remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit.