CLARK *v.* JONES.

(*Knoxville.* September 25, 1894.)

1. BILLS AND NOTES. *Indorsement of carries mortgage security.*

The transfer by indorsement of a promissory note carries with it, without formal assignment, the benefit of a deed of trust upon land given to secure the note.

Cases cited and approved: Graham *v.* McCampbell, Meigs, 52; Cleveland *v.* Martin, 2 Head, 129; Roberts *v.* Francis, 2 Heis., 133; McCallum *v.* Jobe, 1 Leg. R., 244; Anthony *v.* Smith, 9 Hum., 511; Thompson *v.* Pyland, 3 Head, 539.

2. DEEDS OF TRUST. *Foreclosure bill.*

Bill to foreclose a trust-deed is maintainable, although no obstacle exists, or is averred, to prevent sale by the trustee.

Cases cited and approved: Bennett *v.* Union Bank, 5 Hum., 615; 56 Miss., 497.

3. SAME. *Same. Costs.*

But if foreclosure suit is needlessly resorted to, when sale by the trustee would have been equally effectual, the complainant will be taxed with the additional costs and expenses incident to his unnecessary suit.

4. SAME. *Same. Attorney's fees.*

And complainant's attorney's fees for the prosecution of such needless suit will not be allowed against the defendant, under a stipulation in the note sued on that the maker should pay reasonable attorney fees for collection of the note, if it should be "necessary to resort" to suit for that purpose.

5. CHANCERY SALE. *Terms of under mortgage or trust-deed.*

Sale cannot be decreed, barring the right of redemption, upon foreclosure of a deed of trust providing for cash sale with right of re-

demption. The Court's decree must conform to the contract of the parties.

Cases cited and approved: Knox v. McCain, 13 Lea, 199; Frierson v. Blanton, 1 Bax., 272.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McConnell, Ch.

Elder & Patton for Clark.

N. H. Burt for Jones.

Caldwell, J. This is a foreclosure bill. On July 27, 1891, A. G. Hickman sold and conveyed to R. L. Jones a tract of land in Hamilton County, taking his six-months' promissory note for $250 as part of the consideration. The note recited on its face that it was given for a part of the purchase-price, and that its payment was secured by a deed of trust on the land. In pursuance of their agreement, Jones, on the same day, reconveyed the land to Hickman, as trustee, with full power of sale in case the note should not be paid at maturity. Thereafter Hickman sold and indorsed the note to W. I. Clark. Default having been made, Clark, as holder and owner of the note, filed this bill against Jones, as maker of the note and deed of trust, and against Hickman,

as indorser and trustee, to foreclose the deed of trust under the decrees of the Court.

Jones demurred to the bill, (1) because it did not allege a transfer of the *deed of trust* by Hickman to Clark, and (2) because it did not allege that the trustee had refused to execute the trust, or that Jones had done any thing to prevent him from doing so.

The demurrer was overruled, and Jones filed an answer, denying, in many different forms, the right of complainant to have the deed of trust foreclosed by decree of Court, when the way for a sale by the trustee was entirely free and unobstructed.

Hickman, the trustee, answered, stating that he had ever been ready and willing to execute his power of sale, if the complainant should request him so to do.

Hearing the cause upon the whole record, the Chancellor granted the relief sought in the bill. The land was sold, and the sale confirmed. Defendant, Jones, has appealed.

*First.*—The first ground of demurrer was properly overruled. It was not necessary to Clark's enjoyment of the security provided for his note that it should have been formally transferred to him. The transfer of the note, without more, carried with it the lien created by the deed of trust. *Graham* v. *McCampbell*, Meigs, 52; *Cleveland* v. *Martin*, 2 Head, 129; *Roberts* v. *Francis*, 2 Heis., 133; *McCallum* v. *Jobe*, 1 Leg. R., 244; *Anthony* v. *Smith*, 9 Hum., 511; *Thompson* v. *Pyland*, 3 Head, 539.

41—9 P

*Second.*—The second ground of demurrer was also properly overruled. It was not necessary to the relief sought that complainant should have alleged that the trustee had refused to execute the trust, or that his execution of it had been impeded by the maker, or any other person. The mere allegation of the valid existence of the note and deed of trust, and of complainant's ownership of the note, and that it was past due and unpaid, gave him a standing in Court.

The jurisdiction of Courts of Equity to foreclose mortgages is almost as old as the Courts themselves; formerly it was exclusive, because such instruments, then, conferred no power of sale upon any individual. Now, however, mortgages with power of sale, or deeds of trust, are very generally adopted as security for debt. These may be foreclosed by the person designated for that purpose; or, at the election of the mortgagee or beneficiary, by a Court of Equity. The introduction of the later mode of foreclosure does not supersede the former one, but is in addition to it; it is merely cumulative. *Bennett* v. *Union Bank*, 5 Hum., 615; *McDonald* v. *Vinson*, 56 Miss., 497; 2 Perry on Trusts, Sec. 602*gg*; 1 Jones on Mortgages, Sec. 1443; 8 Am. & Eng. Ency. of Law, 277, 278, and cases cited.

*Third.*—But, since mortgages with power of sale or deeds of trust are resorted to because affording a *less expensive* as well as a more convenient and more expeditious mode of foreclosure than that

Clark *v.* Jones.

formerly existing, the makers will not be required to pay the greater expense of a foreclosure in equity, unless some good and sufficient reason be shown for taking the matter into Court. No such reason is shown to have existed in this case, hence, the full costs should not have been adjudged against Jones. He was properly taxable with only so much expense as would have been incurred in a sale by the trustee.

*Fourth.*—It was also error to charge Jones with complainant's attorney's fee in this case. It is true that Jones agreed, in the face of his note, that he would pay a reasonable attorney's fee, "if necessary to resort" to suit for the collection of the note; but no such resort is shown to have been *necessary*. On the contrary, it appears that the note could have been collected without litigation. The mode of payment provided in the deed of trust was ample. The trustee had full power of sale, was ready and willing to sell, and could have sold easily, and without interruption, at any time.

*Fifth.*—The deed of trust provided for a sale for cash, with right of redemption in the maker. The Court, upon the application of complainant, ordered a sale on a credit of six and twelve months, barring the right of redemption. This was error. The terms of sale prescribed in the instrument creating the lien were controlling. See *Knox* v. *McCain*, 13 Lea, 199, overruling *Frierson* v. *Blanton*, 1 Bax., 272.

Clark *v.* Jones.

*Sixth.*—Reverse, and direct sale for cash, with right of redemption. Complainant will pay all costs up to this time, and Jones will pay costs of sale hereafter made, upon the ground that the latter will be about the same as if sale had been made by trustee.