Richmond Type & Electrotype Foundry v. Carter.

RICHMOND TYPE & ELECTROTYPE FOUNDRY *v.* GEORGE
CARTER *et al.*

(*Nashville.* December Term, 1915.)

1. **REPLEVIN. Actions. Right to maintain.**
A mere equitable title will not support replevin. (*Post, pp.* 491-
493.)

Cases cited and approved: Clark v. Jones, 93 Tenn., 641; Graham
v. McCampbell, 19 Tenn., 52; Cleveland v. Martin, 39 Tenn., 128;
Roberts v. Francis, 49 Tenn., 127; Anthony v. Smith, 28 Tenn.,
511; Thompson v. Pyland, 40 Tenn., 537; Crain v. Paine, 4
Cush. (Mass.), 483; Baker v. Seavey, 163 Mass, 522; Ramsdell
v. Tewksbury, 73 Me., 197; ·Smith's Ex'rs v. Mabry, 17 Tenn.,
313; Rice v. Crow, 53 Tenn., 28.

2. **CHATTEL MORTGAGES. Replevin. Equitable assignments.**
Where notes secured by a chattel mortgage were indorsed, but the
mortgage was not assigned, the notes, while carrying with them
the equitable title to the mortgage, did not carry such title as
would warrant the holder in maintaining replevin in his own
name for the mortgaged chattels. (*Post, pp.* 491--493.)

3. **APPEAL AND ERROR. Record. Necessity of Bill of Ex-
ceptions.**
In the absence of an assignment of error and a bill of exceptions
presenting the ·question of the refusal of an amendment, the mat-
ter cannot be reviewed, though the action appeared in the mo-
tion for new trial; that being a mere pleading and not evidence
of what occurred on the trial. (*Post, pp.* 493, 494.)

Cases cited and approved: Sherman v. State, 125 Tenn. 19; De
Liquero & Crozier v. Munson, 58 Tenn., 18; Cormick v. Richards,
71 Tenn., 1.

FROM DAVIDSON

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—G. N. TILLMAN, Special Judge.

GARNETT S. ANDREWS, for plaintiff.

A. F. WHITMAN, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an action of replevin brought to recover certain printing machinery from George Carter and Mike Holloran, deputy sheriffs of Davidson county. The officers levied on the said equipment under attachment, and the plaintiff brought this suit, claiming to be entitled to the possession thereof. There was a judgment for defendants below. The court of civil appeals reversed this judgment, and the defendants have filed a petition for *certiorari.*

It appears that the equipment of a publishing company in Nashville, known as the Daily Record Company, was sold to R. H. Yancey, Jr. Yancey executed purchase-money notes for the said equipment, and to secure the payment of these notes likewise executed a mortgage on the equipment to the Daily Record Company. It seems that the Daily Record Company was indebted to the Richmond Type & Electrotype Company, the plaintiff in this suit, and transferred the Yancey notes to the plaintiff to secure its indebtedness to plaintiff. There was no assignment by the Daily Record

Company to the plaintiff of the mortgage made to the Daily Record Company by Yancey to secure the payment of these notes.

An attachment was levied on this printing outfit by certain creditors of the Daily Record Company, and under this attachment the defendant officers had possession of the property when it was replevined herein by the plaintiff.

The principal defense is that, inasmuch as no assignment of the mortage securing these Yancey notes was made to the plaintiff, plaintiff never became vested with such a property right in the machinery as to enable it to maintain with reference thereto an action of replevin at law. The Yancey notes were transferred by the Daily Record Company to the plaintiff, and it is insisted for plaintiff that such transfer of the notes also effected a transfer of the mortgage securing the notes and conferred upon the plaintiff sufficient title to the property to enable it to maintain replevin as stated above. The circuit judge sustained the contention of the defendants. The court of civil appeals reversed this action and rendered judgment for the plaintiff.

The court of civil appeals based its action on the case of *Clark* v. *Jones,* 93 Tenn., 641, 27 S. W., 1009, 42 Am. St. Rep., 931, in which it was held that the transfer of notes secured by a mortgage carried with it the lien created by the mortgage. *Clark* v. *Jones* cited *Graham* v. *McCampbell,* 19 Tenn. (Meigs), 52, 33 Am. Dec., 126; *Cleveland* v. *Martin,* 39 Tenn. (2 Head), 128; *Roberts* v. *Francis,* 49 Tenn. (2 Heisk.), 127; *Anthony* v. *Smith,*

28 Tenn. (9 Humph.), 511; *Thompson* v. *Pyland,* 40 Tenn. (3 Head), 537.

*Clark* v. *Jones* and other cases, supra, were all cases in which the transferees of notes secured by mortgage or other liens upon land came into equity and sought to enforce their rights upon the land. In these cases it was held that the transfer of such notes so secured carried the liens upon the land without formal assignment of the instrument reserving the liens. This is true in equity and in courts of equity. Such transferrees are entitled to enforce their liens so acquired.

This, however, is a suit at law, and the question is whether the plaintiff has such title to or property in the mortgaged chattels as to permit an action of replevin for the recovery thereof to be brought in its name.

An assignee of mortgage notes to whom no assignment of the mortgage itself is made becomes merely the equitable owner of the mortgage and ordinarily cannot maintain in his own name an action at law respecting the property.

''An assignee of mortgage notes is, however, the mere equitable owner of the mortgage, and such an equitable assignment will not entitle him to maintain an action at law for conversion of the property; such an action can be maintained only in the name of the mortgagee.'' 5 R. C. L., 442.

See *Crain* v. *Paine,* 4 Cush. (Mass.), 483, 50 Am. Dec., 807; *Baker* v. *Seavey,* 163 Mass., 522, 40 N. E.,

863, 47 Am. St. Rep., 475; *Ramsdell* v. *Tewksbury*, 73 Me., 197; Jones Chattel Mortgages, sec. 503.

In *Smith's Ex'rs* v. *Mabry,* 17 Tenn. (9 Yerg.), 313, this court held that an equitable title to slaves would not support an action of detinue.

The same general or special property is requisite for a plaintiff to maintain either detinue or replevin. Caruther's History of a Lawsuit (3d Ed.), pp. 134, 135. This court has likewise held that the equitable owners of property could not maintain a suit in replevin. *Rice* v. *Crow,* 53 Tenn. (6 Heisk.), 28.

So we must conclude that the court of civil appeals erroneously held that the plaintiff could maintain this action of replevin in its own name.

It appears from the motion for a new trial made below that the plaintiff sought to amend his warrant in the circuit court so as to bring the suit in the name of the Daily Record Company for the use of plaintiff. This amendment was not allowed by the circuit judge, however. Had the suit been so brought, it might have been maintained. The refusal of the circuit judge to permit this amendment is not made the basis of any assignment of error in this court by the plaintiff, and indeed this action of the circuit judge only appears in the motion for a new trial, not in the bill of exceptions. As we have pointed out in *Sherman* v. *State,* 125 Tenn., 19, 140 S. W., 209, a motion for a new trial is merely a pleading and cannot be looked to as evidence of what occurred on the trial. So the plaintiff is not in position to

obtain any benefit of the refusal of the circuit judge to permit the amendment sought to be made there.

The plaintiff insists that an assignment of the mortgage was effected by a delivery of the same to it, and that no formal writing was necessary for this proposition. Plaintiff refers to *De Liquero & Crozier* v. *Munson,* 58 Tenn. (11 Heisk.), 18, and *Cornick* v. *Richards,* 71 Tenn. (3 Lea), 1. One difficulty is that the record does not even show delivery of the mortgage to the plaintiff. The case was tried on an agreed statement, and the mortgage appears in the record as an exhibit to this statement. The record does not show who brought forth the mortgage, however, nor is there anything to indicate that a delivery of this paper had been made to the plaintiff.

Other authorities cited by the plaintiff relate to cases where the mortgage as well as the notes secured thereby had been assigned, and consequently are not in point here.

The writ of *certiorari* is, accordingly, granted, the judgment of the court of civil appeals reversed, and the judgment of the circuit court affirmed.