NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0626n.06

Case No. 16-5313

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GEORGE JONES, | ) | |
| | ) | FILED |
| Plaintiff-Appellant, | ) | Nov 28, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| SELECT PORTFOLIO SERVICING, INC.; | ) | THE WESTERN DISTRICT OF |
| WELLS FARGO BANK, N.A., TRUSTEE, | ) | TENNESSEE |
| for the Holders of First Franklin Mortgage | ) | |
| Loan Trust 2004-FF8, Mortgage Pass Through | ) | |
| Certificates Series 2004-FF8, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: DAUGHTREY, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. In an attempt to reverse the foreclosure of his Memphis, Tennessee home, George Jones ("Jones") sued lender Wells Fargo, N.A. ("Wells Fargo") and loan servicer Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants"), seeking a declaratory judgment that these entities lacked standing to foreclose. The district court dismissed Jones's claim. We AFFIRM.

**I.**

In July 2004, Jones and his wife, Sharon, executed a promissory note ("Note") and deed of trust ("Deed of Trust") for $327,250.00 to finance the purchase of real property ("Property"). Both the Note and Deed of Trust identify their original lender as "First Franklin Financial Corp.,

subsidiary of National Bank of Indiana" ("First Franklin"). Both also contain clauses allowing First Franklin to transfer the instruments. Of relevance to this dispute, the Note is endorsed in blank and includes a clause waiving the right of presentment.

In October 2013, First Franklin assigned the Deed of Trust to Wells Fargo, "as Trustee on behalf of the Registered Holders of First Franklin Mortgage Loan Trust, Mortgage Pass-through Certificates Series 2004-FF8" ("Trust"). First Franklin recorded the Deed of Trust assignment ("Deed Assignment") with the Shelby County, Tennessee Register. First Franklin also transferred the Note to Wells Fargo.

Jones alleges certain facts with respect to Wells Fargo's acquisition of the Note and Deed of Trust that aim to cast doubt on the validity of these transactions. First, Jones claims that Tennessee Secretary of State records show First Franklin with an "inactive" status as of July 2009, and he also says that the State of California lists First Franklin's corporate status as "surrendered" prior to 2013. From these allegations, Jones posits that First Franklin did not exist in 2013, and therefore could not have assigned the Deed of Trust at that time. Second, Jones claims that the Deed Assignment's timing violated the terms of the Pooling and Service Agreement ("PSA") governing the Trust. Specifically, Jones alleges that the PSA dictated a December 30, 2004 "closing date" for all transactions into the Trust. And that being the case, he maintains that the Deed Assignment constituted an "ultra vires" act outside the terms of the Trust, making it "void" as a matter of law.

Around the time of these transactions, Jones defaulted on payments under the Note (although the details of his repayment history are not clear from the pleadings). As a result, in November 2013, Wells Fargo appointed the law firm of Rubin Lublin, LLC as substitute trustee to conduct a foreclosure sale. In an effort to forestall this outcome, Jones sent what he styled as

a "Notice of Rescission" to Wells Fargo's loan servicer, SPS, demanding rescission of the Note and Deed of Trust and return of all payments made under the loan  Despite Jones's maneuver, Rubin Lublin, LLC sold the Property to Wells Fargo in a non-judicial foreclosure sale in April 2014.

After the sale, Jones filed a complaint ("Complaint") in Shelby County Chancery Court against both Wells Fargo and SPS, seeking (1) a declaratory judgment that the Defendants had no standing to foreclose on the Property (and asking for the court to set aside the foreclosure sale), (2) rescission under the Truth-in-Lending Act, and (3) punitive damages for fraud by both Defendants.  The Defendants removed the case to the Western District of Tennessee.  They then filed a Motion to Dismiss the Complaint, attaching several exhibits in support, including photocopies of the Deed of Trust, the Deed Assignment, and the Note.  The district court granted the Defendants' motion, dismissing all of Jones's claims.  Jones timely appealed the district court's decision with respect to his declaratory judgment claim.

## II.

We review the district court's order dismissing Jones's declaratory judgment claim de novo.  *See Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (citing *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)).  In doing so, we "construe the [Complaint] in the light most favorable to [Jones], accept [his] allegations as true, and draw all reasonable inferences" in his favor.  *Id.* (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  "Despite this liberal pleading standard, we 'may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'"  *Id.* (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011)).  Accordingly, Jones's factual allegations

must "raise a right to relief above the speculative level"; in other words, he must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### III.

In analyzing the sufficiency of Jones's Complaint, the district court considered several of the exhibits attached to the Defendants' Motion to Dismiss, especially the Note, the Deed of Trust, and the Deed Assignment. In light of these instruments, it concluded that the Defendants had standing to foreclose on the Property, reasoning that Wells Fargo's possession of the Note, which was endorsed in blank, meant that Wells Fargo had the right to enforce "the terms of indebtedness." It also held that the Complaint's allegations concerning the validity of the Deed Assignment and the Defendants' compliance with the PSA did not advance Jones's cause of action; they were claims Jones himself lacked standing to assert.

On appeal, Jones proffers four arguments that the district erred in its decision. We address each in turn.

### A.

Jones first contends that the district court erred in relying on a photocopy of the Note, rather than the original instrument, claiming that the "copy establishes nothing" about the Note's authenticity or Wells Fargo's possession of it. In support, Jones argues that Tennessee law and the Federal Rules of Evidence require that a foreclosing note holder show possession of the original note in order to enforce its terms. Jones thus asks that we remand and require Wells Fargo to produce the original for examination by all parties. In response, the Defendants assert that Jones waived this argument by failing to raise it before the district court. We agree with the Defendants.

"[A]n argument not raised before the district court is waived on appeal to this Court." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 615 (6th Cir. 2014) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)). We have "occasion[ally] [] deviated from [the waiver rule]," but only "in exceptional cases or particular circumstances or when the rule would produce a plain miscarriage of justice." *Scottsdale Ins.*, 513 F.3d at 552 (citations and quotation marks omitted).

Revisiting the procedural history of this case, "[i]t is . . . clear that [Jones] did not challenge" the authenticity of the Note photocopy "before the district court pre-judgment." *Wardle v. Lexington-Fayette Urban Cty. Gov't*, 45 F. App'x 505, 511 (6th Cir. 2002) (per curiam). The Defendants attached the photocopy to their Motion to Dismiss reply brief, countering an argument in Jones's response brief that Wells Fargo could not foreclose without holding the Note. They also offered to present the original to the district court. At the time, Jones articulated no objection to the Note photocopy, neither requesting a hearing to examine the original nor seeking leave to file a surreply contesting the photocopy's authenticity. Thus, by the time the district court issued its order granting Defendants' Motion to Dismiss three months later, the photocopy's authenticity and Defendants' possession of the original were uncontroverted. In fact, Jones only objected to the photocopy in an untimely Federal Rule of Civil Procedure 59(e) Motion for Relief from Judgment, filed a month after the district court's final judgment and a few days after Jones' Notice of Appeal. The district court ultimately denied this motion for lack of jurisdiction.

Clearly, in litigating the Motion to Dismiss, Jones had ample opportunity to challenge the photocopy and demand production of the original, especially because the Defendants offered to make the original available for inspection. But Jones failed to do so. And the fact that Jones

contested the Defendants' submission of the photocopy in his Rule 59(e) Motion for Relief from Judgment does not preserve his argument: "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Wardle*, 45 F. App'x at 511 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Nor is this the sort of exceptional circumstance warranting deviation from the waiver rule. *See Scottsdale Ins.*, 513 F.3d at 552. Despite Jones's contentions, Tennessee law and the Federal Rules of Evidence read contrary to his demand for the Defendants to produce the original Note. When obligors waive the right of presentment, as Jones did here, Tennessee law includes no requirement for the note holder to produce the original in order to enforce it. *See Christiansen v. Bank of America*, No. 3:11-cv-00935, 2013 WL 140264, at *2 (M.D. Tenn. Jan. 10, 2013); *Gibson v. Mortg. Elec. Registration Sys.*, No. 11-2173-STA, 2012 WL 1601313, at *5 (W.D. Tenn. May 7, 2012); *Aurora Loan Servs., LLC v. Woody*, No. W2014-00761-COA-R3-CV, 2014 WL 7463032, at *12–13 (Tenn. Ct. App. Dec. 30, 2014).

And "it is well established" under the Federal Rules of Evidence "that '[p]hotocopies are allowed into evidence as if they were originals.'" *United States v. Petroff-Kline*, 557 F.3d 285, 291 (6th Cir. 2009) (alteration in original) (quoting *Buziashvili v. Inman*, 106 F.3d 709, 717 (6th Cir. 1997)). While it is true that the Rules bar admission of a photocopy if a *genuine* question is raised as to its authenticity, *see* Fed. R. Evid. 1003, Jones lodges only a vague challenge to the photocopy's legitimacy—the sort of amorphous argument this circuit has already rejected when considering other litigants' efforts to demand inspection of original promissory notes. *See Petroff-Kline*, 557 F.3d at 291; *see also United States v. Crowe*, No. 3:08-cv-308, 2009 WL 677384, at *3 (E.D. Tenn. Mar. 10, 2009).

Accordingly, we deem Jones's arguments with respect to the Note photocopy waived and decline to address them further. *See Wardle*, 45 F. App'x at 511.

**B.**

Jones next asserts that, in relying on the Note, Deed of Trust, and Deed Assignment exhibits that the Defendants submitted, the district court erred because it "impermissibly weighed evidence" at the motion to dismiss stage, ignoring the allegations in his Complaint.

We make quick work of this argument, too. Ordinarily, a court "must accept all well-pleaded factual allegations [in a complaint] as true." *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 602 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)). But if a "written instrument plainly contradicts the pleadings," the instrument "trumps the allegations." *Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013) (per curiam) (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (per curiam)). Here, the district court properly considered the Deed of Trust, Deed Assignment, and Note given that Jones's Complaint clearly referred to them, and given that they formed a central basis of his claim for declaratory relief. *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014); 5A Charles Alan Wright et al., *Federal Practice & Procedure* § 1327 (3d ed.) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case."). And, pursuant to our precedent, the district court properly disregarded the Complaint's allegations that contradicted the facts evident on the face of these instruments. *See Creelgroup*, 518 F. App'x at 347.

For these reasons, we discern no error in the district court's reliance on the instruments submitted in support of the Defendants' Motion to Dismiss.

**C.**

Jones also asserts error in the district court's ruling that he lacked standing to challenge the transfer of the Note and Deed of Trust to Wells Fargo. Specifically, he contends that the Deed of Assignment is void because First Franklin had surrendered its corporate status at the time of the transfer and therefore could not legitimately carry out or perform this transaction. He further argues that, even if First Franklin were an "active" legal entity in Tennessee, its attempt to transfer the loan into the Trust in 2013 violated the PSA governing the Trust. (*Id.*) Pointing to these allegations, Jones argues that he plausibly stated a claim that the Defendants lacked standing to foreclose.

We consider this argument unpersuasive for two reasons.

*First*, even assuming Jones's allegations are true, they fail to support a cognizable claim that Wells Fargo lacked standing to foreclose on the Property, since they do not refute Wells Fargo's possession of the Note at the time of the Property's foreclosure.

In Tennessee, "a promissory note is a negotiable instrument, unless it contains a conspicuous statement that it is not negotiable." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014) (citing Tenn. Code Ann. § 47-3-104). A party may sell or assign a note "to another party who then receives the right to enforce the instrument." *Id.* (citing Tenn. Code Ann. §§ 47-3-201, 47-3-203, 47-3-301, 47-3-302). A note endorsed in blank "becomes payable to the bearer and may be negotiated by *transfer of possession alone* until specially endorsed." Tenn. Code Ann. § 47-3-205(b) (emphasis added). In other words, because a note endorsed in blank is "bearer paper," whoever possesses it may enforce it. *Brichant v. Wells Fargo Bank, N.A.*, 616 F.

App'x 786, 789–90 (6th Cir. 2015); *see also Thompson*, 773 F.3d at 749 (citing Tenn. Code Ann. § 47-3-205). This is so even if the holder is in "wrongful possession" of the note. *See Brichant*, 616 F. App'x at 790 (quoting Tenn. Code Ann. § 47-3-301).

Moreover, "[u]nder Tennessee law, the deed of trust follows the note. Whoever holds the note owns the deed." *Thompson*, 773 F.3d at 749 (citing *W.C. Early Co. v. Williams*, 186 S.W. 102, 103–04 (Tenn. 1916); *Clark v. Jones*, 27 S.W. 1009, 1010 (Tenn. 1894)). This means that "the holder of a Note has the right to pursue foreclosure on the corresponding security instrument," *Cariaco v. B17 Holdings, LLC*, No. 3:13-CV-401-TAV-HBG, 2014 WL 2208936, at *3 (E.D. Tenn. May 28, 2014) (quoting *Schmidt v. Nat'l City Corp.*, No. 3:06-CV-209, 2008 WL 5248706, at *10 (E.D. Tenn. Dec. 17, 2008)), regardless of whether a party properly effectuated the assignment of a deed of trust in the first place, *see Brichant*, 616 F. App'x at 790–91; *Evans v. Wells Fargo Bank, N.A.*, No. 15-2725-STA-cgc, 2015 WL 9244607, at *4 (W.D. Tenn. Dec. 17, 2015).

Here, the original lender, First Franklin, endorsed the Note in blank, thus making it bearer paper under Tennessee law. At some point, it transferred the Note to Wells Fargo. Once in possession of the Note, Wells Fargo owned the corresponding security instrument—in this case, the Deed of Trust—and had the right to enforce the terms of indebtedness. By pointing us to ways in which the Deed Assignment may be "void," Jones's allegations miss the point: Tennessee law dictates that, "regardless of the validity of [the Deed Assignment], when the Note passed to [Wells Fargo], the Deed of Trust automatically passed with it." *Brichant*, 616 F. App'x at *790–91 (citing *Chapman v. Bank of Am.*, No. 3-11-0504, 2012 WL 4090895, at *1 n.4 (M.D. Tenn. Sept. 13, 2012)). And to the extent Jones suggests that Wells Fargo's acquisition of the Note itself was wrongful, we find his claim similarly unviable: as discussed, a holder of a

note endorsed in blank is entitled to enforce its terms, regardless of whether it is in "wrongful possession" of the instrument. *See id.* (quoting Tenn. Code Ann. § 47-3-301).

In sum, although Jones spills much ink tracking the history of First Franklin's corporate status and explaining the parties' failure to comply with the terms of the PSA, he does not allege any facts to suggest that Wells Fargo was not the holder in possession of the Note at the time of the foreclosure. We therefore see no tenable basis for his declaratory judgment claim.

*Second*, even assuming that defects in the Deed Assignment and flaws in the Defendants' compliance with the PSA bear on Wells Fargo's ability to enforce the Note, we agree with the district court that Jones lacks standing to raise these challenges.

The district court correctly recognized that, in general, borrowers who are not a party or intended third party beneficiary to a mortgage assignment or pooling and service agreement lack contractual standing to challenge these instruments or agreements. *See Connolly v. Deutsche Bank Nat'l Trust Co.*, 581 F. App'x 500, 507 (6th Cir. 2014); *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) (citing *Livonia Props. Holdings, LLC v. 12840– 12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010)). And courts applying Tennessee law have adopted this principle. *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) ("Courts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with Pooling and Servicing Agreement provisions, based on borrowers' lack of standing." (citations omitted)); *Bishop v. JP Morgan Chase Bank, N.A.*, No. 14-2711, 2015 WL 4603859, at *8 (W.D. Tenn. July 30, 2015); *Cariaco*, 2014 WL 2208936, at *3; *Berry v. Mortg. Elec. Registration Sys.*, No. W2014-02175-COA-R3-CV, 2015 WL 5121542, at *3 (Tenn. Ct. App. Aug. 31, 2015) ("[E]ven assuming a flaw in the assignment, [the borrower] does not have standing to raise it.").

Although Jones concedes that this is the general rule, he says that his allegations with respect to the Deed Assignment and PSA merit applying an exception. In particular, he calls our attention to *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 255–56 (6th Cir. 2014), where a panel of this court allowed an Ohio homeowner to raise a claim of fraud in connection with the assignment of his mortgage. Although Jones is right that we have recognized exceptions to the general rule that plaintiffs may not attack third-party contracts or assignments, no such exceptions apply to him.

As acknowledged in *Livonia*, a loan obligor may, in limited circumstances, have standing to contest a loan assignment based on the "nonassignability of the instrument, assignee's lack of title, [or a] prior revocation of the assignment." 399 F. App'x at 102 (citing 6A C.J.S., *Assignments* § 132 (2010)). Courts recognize such exceptions so that the obligor can protect herself from paying a debt twice. *Id.* (citing C.J.S., *supra*, § 132). But the key to applying these exceptions is a "genuine claim" that the entity seeking to enforce the loan is not its rightful owner. *See id*. Merely alleging flaws or technical defects in an assignment or a pooling and service agreement isn't enough. *See id*. (holding that an obligor did not have contractual standing to contest a mortgage loan assignment's legal validity when the terms of a pooling and service agreement suggested that the assignee trust did not exist at the time of the transfer).

We agree with the district court that the Complaint includes no "genuine claim" contesting Wells Fargo's status as rightful owner of the Note and Deed of Trust. Jones argues the Deed Assignment was "void" because First Franklin did not exist at the time of the transfer. But the facts he actually alleges in support of this contention—that public records list First Franklin's corporate status as inactive in Tennessee and surrendered in California in 2013— hardly substantiate his point. First Franklin is a Delaware corporation, so we fail to see how its

Tennessee or California statuses pertain to whether the company existed in 2013. Nor do the allegations about its inactive status translate to the incapacity to transfer loan documents. *See* Tenn. Code Ann. § 48-65-101(7) (providing that a foreign corporation need not be registered in the state in order to "creat[e] or acquir[e] indebtedness, deeds of trust, mortgages, and security interests in real or personal property").

Jones also claims that the Deed Assignment and Note transfer violated the terms of the PSA because the Trust closed to new loans in 2004. But this alleged defect constitutes a technical flaw, akin to the type of deficiency that does not justify applying an exception to the contractual standing rule. *See Livonia*, 399 F. App'x at 102; *see also Berry*, 2015 WL 5121542, at *3 (holding that a mortgagor did not have contractual standing to bring an intentional misrepresentation claim when she alleged that the individual who executed the deed of trust assignment did not have authority to do so).

Finally, we note the distinguishing features of the *Slorp* case, on which Jones primarily relies. There, plaintiff Slorp sued a law firm after an unusual set of circumstances unfolded in a separate Ohio judicial foreclosure proceeding. 587 F. App'x at 251–52. In the judicial foreclosure proceeding, the firm allegedly falsely executed the assignment of a mortgage to its client, Bank of America, with the aid of an individual purporting to be the assistant secretary and vice president of the assignor. *Id.* at 252–53. Bank of America dismissed the judicial foreclosure action once Slorp noticed for deposition the individual involved in the false assignment. *Id.* at 252. On the basis of these facts, the *Slorp* panel reasoned that Slorp's allegations raised a genuine question as to whether the mortgage assignment was effective to pass legal title, rather than simply pointing out technical defects in the assignment's execution. *Id.* at 255–56. Because Jones's allegations bear little resemblance to these circumstances, we

remain unpersuaded that *Slorp* supports deviating from the general contractual standing rule here.

For these reasons, we uphold the district court's dismissal.

**D.**

In a final attempt to resuscitate his declaratory judgment claim, Jones points to the covenants in the Deed of Trust, contending that the district court erred in concluding that these warranties "did not grant him the right to defend title" to the Property. Jones does not specify the clause he says grants him this right, but he appears to be relying on the provision entitled "BORROWER COVENANTS." This section states in pertinent part that the "Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record."

We fail to see how this argument advances Jones's claim. As the district court correctly noted, the provision Jones cites is a "classic warranty of title," in which the borrower—here Jones—"promis[es] to defend his good title to the property and ensure[s] that the indebtedness secured by the property [will] be repaid." Although enforceable against Jones to ensure that he has good title to the property, this warranty benefits neither him nor his claims in this appeal.

**IV.**

Finding no error, we AFFIRM the judgment of the district court dismissing Jones's claim for declaratory judgment.