NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0278n.06
No. 16-4018

FILED
May 18, 2017
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GMS MANAGEMENT COMPANY, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| EVANSTON INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, BATCHELDER, and STRANCH

**ALICE M. BATCHELDER, Circuit Judge**.   This case arises from the untimely reporting of an insurance claim and the subsequent denial of coverage.   The district court properly granted summary judgment in this declaratory judgment action, and we AFFIRM.

GMS Management Company, Inc. ("GMS") owns apartment buildings in Ohio and held a tenant discrimination liability insurance policy with Evanston Insurance Company ("Evanston"). On August 16, 2013, GMS received notice from the Ohio Civil Rights Commission ("OCRC") that Thomas Fasanaro had filed a housing discrimination charge against GMS.   The notification letter informed GMS that it could engage in mediation, potentially resolving the charge before investigation began, or investigation would proceed.   GMS opted to engage in mediation on its own and did not notify Evanston of the charge.   On December 3, 2013, after mediation failed and the OCRC began investigation, GMS reported the claim to Evanston.

The insurance policy required that a claim be "promptly reported" to Evanston, and reported "in no event later than sixty (60) days from the date of the institution of any legal or administrative proceeding." (Formatting altered). The policy further stated that reporting within the requisite sixty days was a "condition precedent to coverage." (Formatting altered). Based on this language, and GMS's failure to report the claim for almost four months after receiving notice, Evanston denied coverage to GMS.

GMS filed a declaratory judgment suit against Evanston, alleging that Evanston's denial of coverage was a breach of the insurance contract and in bad faith. The district court granted summary judgment to Evanston on both claims, finding that Evanston properly denied coverage and that the denial was not in bad faith. The district court also denied GMS's motion to alter or amend judgment, filed under Federal Rule of Civil Procedure 59(e), because the motion raised new arguments that GMS had failed to raise at summary judgment.

GMS appeals the denial of its Rule 59 motion, raising certain arguments that were raised for the first time in that motion. We review for abuse of discretion the denial of a Rule 59(e) motion. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). GMS has not demonstrated that the district court's denial of the Rule 59 motion, and its refusal to consider GMS's improperly raised arguments, were an abuse of discretion. "A plaintiff cannot use a Rule 59 motion . . . 'to raise arguments which could, and should, have been made before judgment issued.'" *Id.* at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). Accordingly, we find no error in the district court's refusal to consider these arguments and deem them forfeited on appeal. *See Jones v. Select Portfolio Servicing, Inc.*, ___ F. App'x ___, No. 16-5313, 2016 WL 6936526, at *3 (6th Cir.

Nov. 28, 2016); *Wardle v. Lexington-Fayette Urban Cty. Gov't*, 45 F. App'x 505, 511 (6th Cir. 2002).

To the extent that GMS has properly presented other arguments, we find them meritless. After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.